**Opinion issued December 14, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00439-CR

———————————

**ANDREW WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Case No. 1742533**

---

## MEMORANDUM OPINION

Appellant, Andrew Williams, has filed a motion to dismiss his appeal for lack of jurisdiction because his notice of appeal was untimely. Appellant avers that he requests dismissal of this appeal so that he may seek an out of time appeal through a writ of habeas corpus. We grant the motion and dismiss the appeal.

On April 3, 2023, a jury found appellant guilty of the offense of capital murder and appellant was assessed an automatic sentence of life without the possibility of parole. Because the record does not indicate that a motion for new trial was filed, appellant's notice of appeal was due by May 3, 2023. *See* TEX. R. APP. P. 26.2(a)(1) ("notice of appeal must be filed…within 30 days after the sentence is imposed or suspended in open court"); TEX. R. APP. P. 26.2(a)(2) ("notice of appeal must be filed within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial."). No motions to extend the time for filing a notice of appeal were filed with fifteen days of the deadline. *See* TEX. R. APP. P. 26.3. Appellant's notice of appeal was untimely filed on June 8, 2023, thirty-six days after the deadline.

"A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). "If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal." *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Accordingly, we grant appellant's motion and dismiss this appeal for want of jurisdiction because appellant's notice of appeal was untimely. We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Landau and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).